IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

RHONDA A. SIMMONS                                           PLAINTIFF

v.                      CIVIL NO. 17-3046

NANCY A. BERRYHILL, Commissioner
Social Security Administration                                   DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Rhonda A. Simmons, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for supplemental security income (SSI) benefits under the provisions of Title XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.  Procedural Background:**

Plaintiff protectively filed her current application for SSI on February 28, 2014, alleging an inability to work due to bipolar disorder, scoliosis, migraines, back pain, depression, a generalized anxiety disorder, impulsive problems, anger issues and numbness and tingling in her arms and hands. (Tr. 103, 182). An administrative hearing was held on April 9, 2015, at which Plaintiff appeared with counsel and testified. (Tr. 68-101).

1

By written decision dated March 29, 2016, the ALJ found that Plaintiff had not engaged in substantial gainful activity since February 28, 2014, the application date. (Tr. 42). The ALJ found Plaintiff had the following medically determinable impairments: an anxiety disorder, a depressive disorder, back pain, headaches, and a history of fracture to the fourth and fifth fingers of the left hand. However, after reviewing all of the evidence presented, the ALJ determined:

> the claimant does not have an impairment or combination of impairments that has significantly limited (or is expected to significantly limit) the ability to perform bask work-related activities for 12 consecutive months; therefore, the claimant does not have a severe impairment or combination of impairments.

(Tr. 42).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which after reviewing additional evidence submitted by Plaintiff denied that request on May 12, 2017. (Tr. 1-7). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 7). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 11, 14).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.     Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583

(8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. § 423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe

physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. § 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982), abrogated on other grounds by Higgins v. Apfel, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. § 416.920.

### III. Discussion:

The sequential evaluation process may only be terminated at step two when the impairment or combination of impairments would have no more than a minimal effect on Plaintiff's ability to work. Nguyen v. Chater, 75 F.3d 429, 431 (8th Cir. 1996), citing Henderson v. Sullivan, 930 F.2d 19, 21 (8th Cir. 1991)

The procedure of terminating the process at step two has been upheld by the United States Supreme Court in Bowen v. Yuckert, 482 U.S. 137, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987). In Brown v. Bowen, 827 F.2d 311 (8th Cir. 1987), the United States Court of Appeals for the Eighth Circuit discussed the impact of Yuckert and noted:

> On June 8, 1987, the Supreme Court held that the second step of the sequential evaluation process was not per se invalid. See Bowen v. Yuckert, 482 U.S. 137, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987). In regard to the application of that standard, however, a majority of the Court adopted a standard which provides that '[o]nly those claimants with slight abnormalities that do not significantly limit any "basic work activity" can be denied benefits without undertaking' the subsequent steps of the sequential evaluation process. Id. 482 U.S. at 158, 107 S.Ct. at 2299.

4

Brown v. Bowen, 827 F.2d at 312.

Alleged impairments may not be considered severe when they are stabilized by treatment and otherwise are generally unsupported by medical record. Johnston v. Apfel, 210 F.3d 870, 875 (8th Cir. 2000); see also Mittlestedt v. Apfel, 204 F.3d 847, 852 (8th Cir. 2000) (plaintiff bears the burden to establish severe impairments at step-two of the sequential evaluation). Thus, Plaintiff did have the burden of showing a severe impairment that significantly limited her physical or mental ability to perform basic work activities, but the burden of a plaintiff at this stage of the analysis is not great. Caviness v. Massanari, 250 F.3d 603, 605 (8th Cir. 2001).

Further, to establish entitlement to benefits, Plaintiff must show that she has been unable to engage in any substantial gainful activity by reason of a medically determinable impairment which had lasted or could have been expected to last for not less than twelve months. See 42 U.S.C. §§ 423(d)(1)(A) and 1382c(a)(3)(A).

A review of the medical evidence reveals that upon examination, Plaintiff's treating physicians consistently noted Plaintiff's back pain upon examination during the time period in question. In January of 2014, just prior to the application date, Dr. Lonnie Robinson, noted that an x-ray of Plaintiff's spine demonstrated "scoliosis at T11 and T12." At that time, Dr. Robinson recommended that Plaintiff "avoid heavy lifting." (Tr. 363). While the ALJ noted Plaintiff's treatment by Dr. Robinson and that she had been diagnosed with scoliosis, the ALJ did not address Dr. Robinson's recommendation that Plaintiff avoid heavy lifting. Based on the current medical evidence of record, the Court does not find substantial evidence supporting the ALJ's determination that Plaintiff does not suffer from a severe

impairment. Accordingly, the Court finds remand necessary so that the ALJ can proceed with the sequential evaluation process.

**IV.     Conclusion:**

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 20th day of June 2018.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE